# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>SANDRA ROBINSON,<br><br>    Debtor. | Case No.  03-11046-RGM<br>(Chapter 7) |
| SANDRA ROBINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHONY REGINALD DIDONATO<br>T/A RAPID RECOVERY CREDIT &<br>COLLECTIONS,<br><br>    Defendant. | Adv. Proc. No. 04-1241 |

## MEMORANDUM OPINION

The additional issue presented to the court is the application of the Fair Debt Collection Practices Act. The court's previous findings that Anthony R. Didonato, the defendant, violated the discharge stay are equally applicable to a violation of the Fair Debt Collection Practices Act ("FDCPA"). The court finds that the acts of the defendant violated both FDCPA and the Bankruptcy Code, 11 U.S.C. §524.

The debtor is entitled to only one recovery notwithstanding that the same acts violated two federal statutes. The previously announced damages are appropriate as damages under both statutes. The compensatory damages are $500.00. The court announced that it would award punitive damages of $3,000.00 for violation of the discharge stay under §524. The FDCPA allows additional recoveries for each violation. The court is of the opinion that the additional $3,000.00 is the

appropriate amount whether it is awarded as punitive damages under the Bankruptcy Code or as additional damages under FDCPA.

The court previously awarded counsel fees in the amount of $3,655.00 to the law offices of Robert Weed. The court has before it the additional fee application of Dominique V. Sinesi and the objection of the defendant. The objection with respect to additional costs due to the substitution of Ms. Sinesi for Ms. Ryan is well taken. This was not an expense caused by the defendant. Of the amount of time expended by Ms. Sinesi, one hour appears to be a result of the substitution of counsel. The rest is normal preparation for trial and conducting the trial itself and is not duplicative of Ms. Ryan's efforts. The hourly rate, however, will be adjusted from $300.00 an hour to $250.00 an hour. The application for compensation states that the $300.00 an hour rate is the same as Ms Ryan's hourly rate, the attorney she replaced in the case. Ms. Sinesi's proper hourly rate is not her predecessor's rate, but her own usual hourly rate which appears to be $250.00 according to prior Rule 2016 statements filed for work performed during this period. To the extent the court misconstrued Ms. Sinesi's hourly rate, she may file a motion for reconsideration. Consequently, counsel fees will be awarded to Ms. Sinesi in the amount of $4,725.00.

Alexandria, Virginia
March 20, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Dominique V. Sinesi
Nancy O. Ryan
Richard G. Hall

12828